Opinion
of July 30, 2009, Withdrawn; Affirmed
and Substitute Majority and Dissenting Opinions filed October 8, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01061-CR

____________

 

MY THI TIEU, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 12

Harris County, Texas

Trial Court Cause No. 1495630

 



 

S U B S T I T U T E    D I S S E N T I N G   O P I N I O N








I respectfully dissent.[1] 
Trial counsel=s performance was tantamount to no counsel at all.  See
Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d
674 (1984); United States v. Cronic, 466 U.S. 648, 659, 104 S. Ct. 2039,
2047, 80 L. Ed.2d 657 (1984); Burdine v. Johnson, 262 F.3d 336, 345 (5th
Cir. 2001); Walker v. Tex. Dept. of Family & Protective Serv., No.
01-07-00867-CV,  2009 WL 1688469 (Tex. App.CHouston [1st Dist.] June 18, 2009, no. pet. h.)
(Jennings, J., dissenting).  Where counsel allows in a deluge of dangerously
prejudicial and irrelevant evidence without objection, a client  is no better
served than if she had no counsel at all.  I would hold the trial court abused
its discretion by denying appellant=s motion for new
trial as to the guilt/innocence stage of her trial.  

Generally, a criminal defendant asserting claims for
ineffective assistance of counsel based on the errors and omissions of his
attorney must show that his attorney=s performance was
deficient and below an objective standard of reasonableness and that the
deficient performance prejudiced his defense.  Strickland, 466 U.S. at
687B88.  However, the
Supreme Court in Strickland explained that in the context of certain
ineffective assistance of counsel claims, Aprejudice is
presumed.@  Id. at 692.  AActual or
constructive denial of the assistance of counsel altogether is legally presumed
to result in prejudice.@  Id.  

The Constitution=s guarantee of
assistance of counsel cannot be satisfied by mere formal appointment.  Avery
v. Alabama, 308 U.S. 444, 446, 60 S. Ct. 321, 322, 84 L. Ed. 377 (1940). 
That a person who happens to be a lawyer is present at trial alongside the
accused is not enough to satisfy the constitutional command.  Strickland,
466 U.S. at 685.  The Sixth Amendment recognizes the right to the assistance of
counsel because it envisions counsel playing a role that is critical to the
ability of the adversarial system to produce just results.  Id.  If
counsel entirely fails to subject the prosecution=s case to
meaningful adversarial testingCthen there has been a denial of Sixth
Amendment rights that makes the adversary process itself presumptively
unreliable.  Cronic, 466 U.S. at 659.    








I would hold in this case there was a breakdown in the
adversarial process justifying a presumption that appellant=s conviction was
insufficiently reliable to satisfy the Constitution.  Counsel failed to object
to testimony and closing arguments connecting appellant with human trafficking,
child pornography, drug cartels, and prostitution.  Specifically, the testimony
regarding the activities of the vice squad was unduly prejudicial and
irrelevant.  Counsel=s failure to object to this testimony is
inexcusable.  Appellant was essentially tarred and feathered by this irrelevant
testimony.  The jurors were given the impression she was connected with a seedy
underworld of multifarious criminal enterprises. Furthermore, counsel stated in
his own affidavit, entered into evidence during appellant=s hearing on her
motion for new trial, that this testimony was irrelevant and not the result of
any trial strategy.  The relevant portion of counsel=s affidavit is the
following:

1.  Failure to Object to Inadmissible Evidence: Officer Miller

My failure to object to that testimony set out at pages 7-9 of the
motion for new trial was not the result of any trial strategy.  I recognize
that this testimony was irrelevant to the ultimate issue of whether Ms. Tieu
had agreed to engage in sexual contact for a fee and was extremely prejudicial
to the defense.

2.  Asking Irrelevant and Improper Questions During
Cross-Examination of Officer Miller

I recognize that those questions that I asked during my
cross-examination of Officer Miller that are set out at pages 11-12 of the
motion for new trial did not help the defense=s case.  My conduct was not the result of any trial
strategy.

3.  Failure to Object to Inadmissible Evidence: Sgt.
Hendrickson

My failure to object to that testimony set out at pages 12-13 of the
motion for new trial was not the result of any trial strategy.  I recognize
that this testimony was irrelevant to the ultimate issue of whether Ms. Tieu
had agreed to engaged in sexual contact for a fee and was extremely prejudicial
to the defense. 

4.  Failure to Object to Inadmissible Evidence: Sgt.
Surginer

My failure to object to that testimony set out at pages 13-14 of the
motion for new trial was not the result of any trial strategy.  I recognize
that this testimony was irrelevant to the ultimate issue of whether Ms. Tieu
had agreed to engage in sexual contact for a fee and was extremely prejudicial
to the defense.  








 It
was only upon prodding by the State during the hearing on the motion for new
trial that counsel admitted in Aretrospect@ his actions could
have constituted some form of trial strategy.  Ultimately, counsel could
provide no real explanation for his lack of action during trial.  Where counsel
cannot provide a valid explanation for hapless representation, it is logical to
equate his representation to that of an unconscious lawyer. Counsel=s representation
was on par with the infamous sleeping lawyer cases.  See Burdine, 262
F.3d at 345.  Because I would hold counsel=s representation
was a constructive denial of appellant=s Sixth Amendment
right to counsel, I would also hold this case merits a presumption of
prejudice.  See id.

Appellant did not receive the meaningful assistance of
counsel as envisioned by the Sixth Amendment.  Counsel was not merely
incompetent, but inert, accordingly prejudice must be presumed.  See Strickland,
446 U.S. at 685.  Therefore, I would hold the trial court erred in denying
appellant=s motion for a new trial as to guilt/innocence. 
Furthermore, I would remand this case to the trial court in order to allow
appellant to receive a fair trialCone where
appellant receives the benefits of the adversarial process as required by the
Constitution. 

Defendant was so irretrievably tainted by the ineptitude of
her counsel that the only remedy to pruge the taint is a new trial. 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

 

Panel consists of
Justices Anderson, Guzman, and Boyce. (Boyce, J., Majority.)

Publish C Tex. R. App. P. 47.2(b).

 

 









[1]  This dissent was filed after the original opinion
issued.  Pursuant to Rule 50 of the Texas Rules of Appellate Procedure, A[w]ithin 60 days after a petition for discretionary
review is filed with the clerk of the court of appeals that delivered the
decision . . . any of the justices who participated in the decision may issue a
concurring or dissenting opinion.@